PeaesoN, C. J.
 

 The only question presented is this : taking the matters alleged in the plea to be true, is the equity
 
 *285
 
 which the1 plaintiff seeks to set up by their bill now filed, the same as the equity which the intestate attempted to 'set up in the first bill, and which was adjudged against him: in other words, does this bill seek to enforce the
 
 very equity
 
 which has been adj udged and decided by the decree in the first- suit.
 

 Upon this argument the Court is confined to- the matters alleged in the bill and the matters set out in the plea, and for this reason, very great particularity is required in framing the plea. Without deciding whether this plea is informal in this, that it does not set out, in so many words, the bill in the first' case, and does not set out the decree in that case, but simply states the substance and effect and material parts of 'the bill and decree, we piit our decision on the ground that the equities are not the same, and that the equity of the bill, now before us, was not adjudged by the former decree.
 

 , The equity, which the bill seeks to set up is, that the intes-’ tate of the plaintiffs, having made a contract to sell his land to the defendant, Scott, the intention was to reduce- the
 
 contract of sale
 
 to writing, and in drafting the writing, either by the mistake or the-ignorance or the fraudulent design of the draftsman, who was tliQ defendant, Scott, the paper was so worded as to be a
 
 conveyance
 
 of the land instead of a
 
 cont/raet to convey
 
 on the payment of the purchase-money.
 

 The equity of the first bill wras, that the plaintiffs’ intestate never intended, either to convey, or to contract to convey, his land, and that he was induced to sign and execute the paper, at a time when, from the effects of drinking, he was incapable of making a contract, and so the deed was obtained from him by fraud, and was void by reason of his incapacity.
 

 These equities are wholly distinct and different: The first bill would' have made the deed void and of no effect, against all persons, either as a contract to convey, or asa conveyance of the estate, or any part of it.' This bill seeks to make the deed void as a conveyance, but establishes it as a contract to convey upon the payment of the purchase-money. Let the plea.be over-ruled and the defendants be required to answer.
 

 Pee CubiaM, Plea over-ruled.